# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4925 | **DATE** | 8/9/2011 |
| **CASE TITLE** | Marcello Moore vs. Gary McCarthy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $3.97 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for lack of subject matter jurisdiction. The case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g)

■[ For further details see text below.]     Notices mailed by Judicial staff.

# STATEMENT

Plaintiff filed this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his constitutional rights and asserting a state law claim for malicious prosecution. Plaintiff alleges false arrest, malicious prosecution, and wrongful conviction in his underlying state criminal case. Plaintiff also alleges that Defendants, Garry McCarthy, Dale Kingsley, Steven Hayden, T.M. Bickham, Officer Quarles, Officer Sena, Officer Lara, and Officer Gas, violated Plaintiff's rights by fabricating evidence and perjuring themselves during his criminal trial in April of 2011.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.97. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a constitutional claim as a matter of law. Further, the Court finds that it has no basis upon which to exercise jurisdiction over Plaintiff's state law claim.

## STATEMENT

In his complaint, Plaintiff asserts a claim for malicious prosecution. Absent any constitutional claims to provide a basis for federal jurisdiction, Plaintiff's state law claim for malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). The Court in *Newsome* held that malicious prosecution is not a constitutional tort so long as state law provides a remedy. *Id.* at 751. Illinois law provides a remedy for malicious prosecution and thus while Plaintiff may not pursue his malicious prosecution claim in federal court, he may, should he choose (and there is no other matter barring it) bring this claim in state court.

Additionally, Plaintiff affirmatively pleads that Defendant Bickham made a finding of probable cause with respect to his arrest. *See* Plaintiff's complaint, p. 6. To establish § 1983 claims of false arrest and false imprisonment, a plaintiff must be able to demonstrate that he was arrested and held in custody without probable cause. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003), *citing Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991) (the existence of probable cause is "an absolute bar to the plaintiff's claim for false arrest/imprisonment"). As Plaintiff has pled that there was a finding of probable cause leading to his arrest, he may not pursue relief under § 1983.

Further, Plaintiff's state criminal proceedings appear from his complaint to still be ongoing. The alleged "unconstitutional conduct" may continue to be litigated in state court, either on his direct appeal or in other collateral state proceedings. A federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). Even if his state court criminal proceedings were complete, any relief to which Plaintiff might be entitled would be through a petition for a writ of habeas corpus, and not a § 1983 action. (assuming he can meet the requirements of 28 U.S.C. § 2254). *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Whitlock v. Johnson*, 153 F3d 380, 389 (7th Cir. 1998). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* In short, once Plaintiff's state court criminal proceedings have been completed, and he has exhausted his direct appeals and collateral proceedings, he still would not be entitled to relief under § 1983, he would need to seek relief pursuant to 28 U.S.C. § 2254.

The Court notes that Plaintiff raised very similar claims in another recently filed suit: *Moore v. Preckwinckle*, Case No. 11 C 4106 (N.D. Ill. 2011) (Kocoras, J.). That case was dismissed on July 12, 201, under the same reasoning the Court has used to dismiss the present suit. Plaintiff should pursue what relief is available to him in his ongoing state criminal matter, or on appeal in state court, as he must exhaust state court remedies prior to seeking any relief in federal court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).